UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ON TRACK INNOVATIONS LTD.,
an Israeli company

       Plaintiff and Counterclaim-Defendant,

       v.

T-MOBILE USA, INC.

       Defendant and Counterclaimant.

------------------------------------------------------------X

Case No. 12-CV-2224-AJN-JCF

**JURY TRIAL DEMANDED**

## T-MOBILE USA, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO ON TRACK INNOVATIONS LTD.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant and Counterclaimant T-Mobile USA, Inc. ("T-Mobile"), by its undersigned attorneys, as and for its Answer and Counterclaims to Plaintiff and Counterclaim-Defendant On Track Innovations Ltd.'s ("OTI") Complaint for Patent Infringement ("Complaint"), alleges as follows:

### PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Admits the allegations contained in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. Admits that it is subject to the personal jurisdiction of this Court in this case, and denies all other allegations contained in paragraph 4 of the Complaint.

5. Admits that venue is proper in this judicial district, and denies all other allegations contained in paragraph 5 of the Complaint.

## COUNT I
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,045,043)

6. Admits that United States Patent No. 6,045,043 ("the '043 patent") is entitled "Contact/Contactless Data Transaction Card"; that the front page of the '043 patent indicates that the "Date of Patent" was April 4, 2000; that the front page of the '043 patent lists Oded Bashan, Nehemya Itay, Ronnie Gilboa and Moshe Aduk as purported "inventors"; and that Exhibit A to the Complaint purports to be a copy of the '043 patent. Denies knowledge or information sufficient to form a belief as to the truth of the allegations that OTI is the sole owner of the entire rights, title, or interest of the '043 patent. Denies the allegations that the '043 patent was "duly and legally issued," and denies all other allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies each and every other allegation contained in the Complaint not heretofore expressly admitted.

## JURY DEMAND

T-Mobile demands a trial by jury as to all issues so triable in the action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT)

12. T-Mobile has not infringed and does not now infringe any valid claim of the '043 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY AND UNENFORCEABILITY)

13. The '043 patent is invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112, and applicable case law.

### THIRD AFFIRMATIVE DEFENSE
### (NONCOMPLIANCE WITH 35 U.S.C. § 287)

14. On information and belief, OTI did not comply with the requirements of 35 U.S.C. § 287.

15. Pursuant to 35 U.S.C. § 287, OTI cannot claim damages for any infringement of the '043 patent by T-Mobile that occurred prior to the date OTI provided actual notice to T-Mobile of the '043 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (LACHES)

16. By its Complaint, OTI accuses T-Mobile of infringement by "selling and/or offering to sell data transaction devices having contact and contactless modes of operation enabling Near Field Communications capabilities, including at least the following such devices: HTC Amaze 4G, Nokia Astound" (collectively the "Accused Products"). T-Mobile denies those allegations.

17. On information and belief, OTI was aware, or should have been aware, of devices, like the Accused Products, which used Near Field Communications technologies for

3

many years. For example, on information and belief, OTI was aware, or should have been aware of, the Nokia 6131 NFC device since at least January 8, 2007.

18. On information and belief, OTI has unreasonably and inexcusably delayed bringing a lawsuit for any infringement of the '043 patent. OTI's delay has caused economic prejudice and/or evidentiary prejudice to T-Mobile.

19. Consequently, any claims for damages by OTI for any infringement of the '043 patent by T-Mobile, and/or relating to any of the Accused Products sold and/or offered for sale by T-Mobile, are barred in whole or in part by laches.

## FIFTH AFFIRMATIVE DEFENSE
## (ESTOPPEL)

20. On information and belief, OTI was aware, or should have been aware, of T-Mobile's sale or offer for sale of the Accused Products. On information and belief OTI was aware or should have been aware of the Nokia 6131 NFC device since at least January 8, 2007. On information and belief, OTI intentionally or otherwise unreasonably refrained from providing notice of the '043 patent to T-Mobile. T-Mobile was led to believe by OTI's conduct that the '043 patent would not be enforced. T-Mobile relied on the conduct of OTI and suffered material prejudice as a result of such reliance.

21. Consequently, OTI is estopped from claiming any infringement of the '043 patent by any of the Accused Products sold or offered for sale by T-Mobile.

## SIXTH AFFIRMATIVE DEFENSE
## (ACQUIESCENCE)

22. On information and belief, OTI was aware, or should have been aware, of T-Mobile's sale and/or offer for sale of the Accused Products. OTI was aware or should have been aware of the Nokia 6131 NFC device. OTI acquiesced to such sale and/or offer for sale by T-

Mobile. T-Mobile relied on OTI's conduct and suffered material prejudice as a result of such reliance.

23.     Consequently, OTI is barred by acquiescence from claiming any infringement of the '043 patent by T-Mobile and/or relating to any of the sales and/or offers for sale of the Accused Products by T-Mobile.

## T-MOBILE USA, INC.'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT

24.     Counterclaimant T-Mobile USA, Inc. ("T-Mobile"), by its undersigned attorneys, as and for its Counterclaims against Plaintiff and Counterclaim-Defendant On Track Innovations Ltd. ("OTI"), alleges as follows:

### NATURE OF THE ACTION

25.     This is an action for declaratory judgment of noninfringement, invalidity, unenforceability and costs with respect to U.S. Patent No. 6,045,043 ("the '043 patent"), and for such other relief as the Court deems just and proper.

### THE PARTIES

26.     T-Mobile is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

27.     On information and belief, OTI is an Israeli company with a principal place of business in Rosh-Pina, Israel.

### JURISDICTION AND VENUE

28.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

29.     This Court has personal jurisdiction over OTI because, *inter alia*, OTI has availed itself of this Court by filing a lawsuit in this District.

30. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because OTI has commenced suit against T-Mobile in this District alleging infringement of the '043 patent. T-Mobile denies those allegations.

## THE PATENT-IN-SUIT

31. The '043 patent is entitled "Contact/Contactless Data Transaction Card" and the front page of the '043 patent bears an issuance date of April 4, 2000.

32. A copy of the '043 patent is attached hereto as Exhibit A.

33. By its Complaint, OTI purports to be the "sole owner by assignment of the entire rights, title, and interest in and to the '043 patent, including the rights to sue on and recover damages for any past, current, or future infringements thereof."

## EXISTENCE OF A JUSTICIABLE CONTROVERSY

34. By its Complaint, OTI commenced a lawsuit against T-Mobile in this judicial district alleging infringement of the '043 patent. OTI accuses T-Mobile of infringement by "selling and/or offering to sell data transaction devices having contact and contactless modes of operation enabling Near Field Communications capabilities, including at least the following such devices: HTC Amaze 4G, Nokia Astound." T-Mobile denies those allegations.

35. There exists a justiciable controversy between OTI and T-Mobile concerning noninfringement, validity, and/or unenforceability of the '043 patent as set forth in the Complaint and in T-Mobile's Answer thereto set forth herein.

## COUNT I
## (DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,045,043)

36. T-Mobile repeats and realleges the allegations contained in paragraphs 25-35 hereof as though fully set forth herein.

37. T-Mobile has not infringed and does not infringe, directly or indirectly, any valid claim of the '043 patent, either literally or under the doctrine of equivalents.

38. As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39. A judicial declaration is necessary and appropriate so that T-Mobile may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the '043 patent.

## COUNT II
### (DECLARATION OF INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT NO. 6,045,043)

40. T-Mobile repeats and realleges the allegations contained in paragraphs 25-35 hereof as though fully set forth herein.

41. The '043 patent is invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including sections 101, 102, 103, and/or 112, and applicable case law.

42. As a result of the acts described in the foregoing paragraphs, there exists an actual and substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

43. A judicial declaration is necessary and appropriate so that T-Mobile may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the '043 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, T-Mobile respectfully requests that the Court enter judgment in favor of T-Mobile granting the following relief:

A. A declaration that T-Mobile has not infringed and does not infringe any valid claim of the '043 patent;

B. A declaration that all claims of the '043 patent are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and/or 112, and applicable case law;

C. An injunction against OTI and its officers, agents, servants, employees, attorneys, and others in active concert or participation with any of them from asserting infringement or instituting or continuing any legal action for infringement of the '043 patent against T-Mobile or its customers, suppliers, manufacturers, distributors, resellers, or end users of its products;

D. An order declaring that this is an exceptional case and awarding T-Mobile its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

E. Such other and further relief as this Court may deem just and proper.

Dated: August 9, 2012                HOGAN LOVELLS US LLP

                                                        _____
                                                        Eric J. Lobenfeld
                                                        Ira J. Schaefer
                                                        Robert R. L. Kohse
                                                        875 Third Avenue
                                                        New York, New York 10022
                                                        Phone: (212) 918-3000
                                                        Fax: (212) 918-3100
                                                        eric.lobenfeld@hoganlovells.com
                                                        ira.schaefer@hoganlovells.com
                                                        robert.kohse@hoganlovells.com

                                                        ATTORNEYS FOR DEFENDANT AND
                                                        COUNTERCLAIMANT
                                                        T-MOBILE USA, INC.

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that on the 9th day of August 2012, I caused a true and correct copy of the foregoing to be served upon the following via the Court's ECF Notification System:

Zeev Pearl, Esq.
Clyde A. Shuman, Esq.
Guy Yohay, Esq.
PEARL COHEN ZEDEK LATZER LLP
1500 Broadway, 12th Floor
New York, NY 10036
Phone: (646) 878-0800
Fax: (646) 878-0801
ZeevP@pczlaw.com
ClydeS@pczlaw.com
GuyY@pczlaw.com

Sibley P. Reppert, Esq.
PEARL COHEN ZEDEK LATZER LLP
50 Congress Street
Boston, MA 02109
Phone: (617) 228-5725
SibleyR@pczlaw.com

*Attorneys for Plaintiff and Counterclaim-Defendant On Track Innovations Ltd.*

/s/ Robert Kohse
Robert Kohse