

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

January 22, 2013

**Via E-Mail to Nathannysdchambers@nysd.uscourts.gov**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 615
New York, NY 10007-1312

      Re:    *On Track Innovations Ltd. v. T-Mobile USA, Inc.*
              Case No. 12-cv-02224 (AJN)

Dear Judge Nathan:

On behalf of Defendant T-Mobile USA, Inc. ("T-Mobile"), I write in response to Plaintiff On Track Innovations, Ltd.'s ("OTI") letter of January 18, 2013 requesting guidance on the upcoming technical tutorial and claim construction hearing in the above-referenced action. As indicated in OTI's letter, the parties have met and conferred, but were not able to reach agreement concerning what they believe to be the proper format of the two hearings.

For the technical tutorial, T-Mobile believes one hour per side is sufficient and the topics for presentation should be confined to non-argumentative topics such as the technology surrounding the alleged invention, the state of the art during the relevant time period, and the important terms in the art. That is consistent with our experience in a number of cases in which technical tutorials were presented in advance of a *Markman* hearing. It is also consistent with the recommendations set forth in *The Sedona Conference Report on the Markman Process* (the "Report"). That Report resulted from the work of a number of patent practitioners and jurists, whose charge was "to develop a set of 'best practices' for the courts to facilitate claim construction in patent litigation, and to maximize efficiency and minimize inconsistency in the *Markman* process." *Id*. at iii. There is a section of the Report entitled "Principle 4: Neutral Technology Tutorials for the Court Put Together by All the Parties Are Often Helpful and Sometimes Necessary." In that section, the Report suggests that "[t]he tutorial itself should be a non-argumentative presentation of the technology and its background, without argument

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Abu Dhabi Alicante Amsterdam Baltimore Beijing Berlin Brussels Caracas Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston London Los Angeles Madrid Miami Milan Moscow Munich New York Northern Virginia Paris Philadelphia Prague Rome San Francisco Shanghai Silicon Valley Singapore Tokyo Ulaanbaatar Warsaw Washington DC Associated offices: Budapest Jakarta Jeddah Riyadh Zagreb. For more information see www.hoganlovells.com

\\NY - 037532/000007 - 2533549 v1

concerning the patents involved or the accused products or methods."[1] T-Mobile believes that a one hour time limit should provide ample opportunity for the parties to explain those issues without diverging into unnecessary and inappropriate argument concerning the patent itself.

OTI's letter, however, urges two hours per side, largely because its expert witness (Dr. Apsel) and named inventor on the patent-in-suit (Mr. Itay) submitted declarations in support of OTI's claim construction briefing. However, those declarations include very limited background information about the technology at issue, the proper subject for a tutorial. Rather, of the ninety-four paragraphs of Dr. Apsel's declaration in support of OTI's Opening Claim Construction Brief, only thirteen paragraphs are directed to the "Technical Introduction" and would be appropriate for the technical tutorial; the remainder are directed to the patent-in-suit and claim construction issues, matters to be addressed at the *Markman* hearing. In her Supplemental Declaration, only a few of the thirty-three paragraphs would likewise be appropriate. Mr. Itay's declarations are of similar structure and only about half of the fifty-eight paragraphs in his declarations are material relevant for a tutorial, and the rest concern the patent at issue. T-Mobile, therefore, respectfully requests that the technical tutorial be limited to one hour per side and not focus on the patent, which will be the subject of the claim construction hearing, but on the topics referenced in the Report.

For the claim construction hearing, T-Mobile's position is that the parties should be able to fully present their positions in one and a half hours per side. T-Mobile also believes, based on counsel's experience with numerous *Markman* hearings, that the arguments should be presented on a term-by-term basis. That is, OTI presents on the first disputed term, T-Mobile presents its reply for that term, and, if appropriate, any rebuttal by the parties is then presented. The same procedure would then be repeated for each additional disputed claim term. OTI has proposed that it makes its entire *Markman* presentation on all claim terms, to be followed by T-Mobile's entire presentation.

---

[1] *The Sedona Conference Report on the Markman Process*, Principle 4 (The Sedona Conference Working Group on Markman Hearings and Claim Construction, November 2010 Version, https://thesedonaconference.org/publication/Markman%20Process). Relevant pages are attached to this letter.

The Report recommends the term-by-term approach because "it is often easier to understand claim construction issues when the hearing proceeds on a term-by-term basis, especially if there are several claim terms in dispute."[2] T-Mobile believes that successive presentation of all arguments surrounding a disputed term will better facilitate the Court's understanding.

Thank you for your consideration.

Respectfully,

Eric J. Lobenfeld
Partner
eric.lobenfeld@hoganlovells.com
D 212 918 8202

cc by e-mail:
    Sibley P. Reppert, Esq.
    Guy Yonay, Esq.
    Clyde Shuman, Esq.
    Keren Livneh, Esq.

---

[2] *The Sedona Conference Report on the Markman Process*, Principle 6. Relevant pages are attached to this letter.