UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ON TRACK INNOVATIONS LTD., an Israeli company,<br><br>    Plaintiff-Counterclaim Defendant,<br><br>    v.<br><br>T-MOBILE USA, INC., a Delaware corporation,<br><br>    Defendant-Counterclaim Plaintiff. | Case No. 1:12-cv-02224-AJN-JCF |

**ON TRACK INNOVATIONS LTD.'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff and Counterclaim-Defendant On Track Innovations, Ltd. ("OTI") respectfully submits this memorandum of law pursuant to Local Civil Rule 7.1(a)(2) in support of its Motion for Leave to File Amended Complaint.

### I.  INTRODUCTION

As part of T-Mobile's national launch of its NFC program last month (November 2013), T-Mobile actively invited subscribers to infringe the '043 Patent by inserting an Advance SIM into their NFC-capable phones. OTI therefore moves for leave to amend the complaint to include facts supporting T-Mobile's liability for actively inducing infringement of the patent. The proposed amendment is proper, since it is timely, not futile, and would cause no undue prejudice to T-Mobile.

## II. FACTUAL BACKGROUND

The original complaint in this action, filed in March 2012, stated a cause of action for patent infringement of U.S. Patent No. 6,045,043 (the " '043 Patent") by T-Mobile based on its sale of NFC phones. The complaint referred to both direct and indirect infringement.

Paragraph 7 of the complaint stated that T-Mobile "has been and now is directly infringing… the '043 patent… by selling and/or offering to sell data transaction devices having contact and contactless modes of operation enabling Near Field Communications capabilities[.]" In its demand for relief, OTI requested, among other things that the Court enjoin T-Mobile from indirect infringement of the '043 Patent:

> An injunction permanently restraining and enjoining T-Mobile (and any of T-Mobile's officers, directors, employees, agents, servants, successors, assigns, and any and all persons in privity or in concert with T-Mobile, *directly or indirectly*), from infringing the '043 patent in any manner (emphasis added).

There is no issue that the original complaint satisfied the pleading requirement, and its sufficiency was not challenged by T-Mobile.

On August 26, 2013, in response to T-Mobile's first set of interrogatories, OTI notified T-Mobile that the combination of an NFC-capable phone with an Advanced SIM card infringes the '043 Patent. Furthermore, OTI stated that: "each of the Accused Products infringes the '043 Patent by direct, contributory, and/or induced infringement…" (Response to Interrogatory No. 2); and the direct infringers of the '043 Patent are "T-Mobile and/or its customers" (Response to Interrogatory No. 3).

In mid-November 2013, T-Mobile launched the NFC functionality nationally. As part of the national launch, T-Mobile began notifying subscribers nationwide that they needed an

Advanced SIM, and actively invited them to visit T-Mobile's stores to obtain one to install in their NFC-capable phones. (See Exhibit B to Amended Complaint, attached as Appendix A).

In the event T-Mobile attempts to argue that it is merely supplying an Advanced SIM, and it is not liable for actions of its subscribers with that Advanced SIM, OTI is now moving to amend the complaint to specify that T-Mobile is also liable as an active inducer for inviting its subscribers to replace the SIM in their NFC phones with an Advanced SIM (See Amended Complaint ¶¶7-22, attached as Appendix A).

### III. GOOD CAUSE EXISTS TO ALLOW AMENDMENT OF THE COMPLAINT

Rule 15(a)(2) of the Fed. R. Civ. P. provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Since T-Mobile has refused OTI's request, OTI now requests the Court's leave to do so. Rule 15(a)(2) further states that the "court should freely give leave when justice so requires." The Court "should grant leave absent some reason to the contrary." *Salomon v. Adderly Industries, Inc.*, 2013 WL 4308569 *2 (S.D.N.Y., Aug. 16, 2013). None of the reasons for denying leave to amend apply here. The amendment is not futile, OTI has not unduly delayed, and there is no undue prejudice to T-Mobile. *Id.* See also, Rule 16(b)(4), providing that a schedule may be modified "for good cause and with the judge's consent."

#### a. The Amendment is not Futile

An amendment is only futile when the proposed amended claim may nonetheless be dismissed for failing to state a claim on which relief can be granted. *Anderson News LLC v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) (vacating dismissal after district court refused to enter amended complaint, where amended complaint would have met the pleading standard, and

was therefore not futile); *In re Rivastigmine Patent Litigation*, 2005 WL 957426 (S.D.N.Y. Francis J., April 25, 2005) (amended complaint not futile where all elements of active inducement were recited in amended complaint).

The proposed amendment sets forth all elements of active inducement, and is therefore not futile. 35 U.S.C. §271(b) states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." The Supreme Court recently clarified that induced infringement requires knowledge that the induced acts constitute patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060 (2011).

The amended complaint alleges all elements of active inducement, including T-Mobile's inducement of subscribers to obtain and install Advanced SIM cards in their NFC-capable phones (¶¶ 14-15, 17), T-Mobile's knowledge of the '043 Patent (¶ 19), and its intent to induce infringement by subscribers (¶ 17, 20). Accordingly, the amendment is not futile because drawing all inferences in OTI's favor, the complaint sets out a cause of action for active inducement.

### b. The Amendment is Necessitated by Recent Events and Therefore Timely

OTI has been diligent in raising this issue. T-Mobile started publicly inviting subscribers to replace their SIM cards with Advanced SIM cards as part of the November 2013 national launch. OTI first notified T-Mobile that it intended to amend the complaint in this regard approximately two weeks later, on November 25, 2013. It is hard to imagine how OTI could have amended the complaint any sooner. See, e.g., *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F.Supp.2d 453 (S.D.N.Y. 2012) (approximately 6 weeks not undue delay); *Salomon*, at *3 (plaintiff was diligent where it learned of relevant facts after deadline to amend pleadings, and was therefore unable to amend prior to that time).

4

### c. The Amendment Causes No Undue Prejudice to T-Mobile

An amendment may be unduly prejudicial when it would require a party to "expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Salomon*, supra, at *3 (citing *AEP Energy Servs. Gas Holding Co. v. Bank of Am.*, 626 F.3d 699, 725-726 (2d Cir. 2010)). Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend. *Id.* (defendant did not have to expend additional resources in its defense); *Randolph-Rand Corp. v. Tidy Handbags, Inc.*, 2001 WL 1286989 *4 (S.D.N.Y. Oct. 24, 2001) ("The mere fact that discovery is nearing its conclusion does not provide a reason for denying leave to amend.")

There is no undue prejudice to T-Mobile here. T-Mobile does not need further discovery to defend against liability for active inducement, because all the facts supporting (or refuting) active inducement are in its possession. T-Mobile knows that it invited subscribers to replace their SIM cards with Advanced SIM cards; that it distributed the Advanced SIM cards to subscribers with the intention that they insert them into their NFC phones (thereby infringing the '043 Patent); that OTI contended that the combination of an NFC phone and an Advanced SIM infringes the '043 Patent and that T-Mobile's subscribers are also infringing the patent. See *Randolph-Rand*, supra, at *4 ("Allegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute undue prejudice.")

The expert discovery schedule also need not be disturbed. T-Mobile has not yet submitted its rebuttal report on non-infringement, due December 12. In any event, the technical basis of the infringement (i.e., an NFC phone with an Advanced SIM card) remains the same.

5

For the above reasons, the Court should grant OTI leave to amend its complaint to allege indirect infringement by active inducement.

Dated:  December 4, 2013					PEARL COHEN ZEDEK LATZER BARATZ LLP


							By:	  /s/Guy Yonay
								Guy Yonay (GY-3028)
								GYonay@pearlcohen.com
								Clyde A. Shuman (CS-6351)
								CShuman@pearlcohen.com
								Jessica W. Lin (JL-9029)
								JLin@pearlcohen.com

								Pearl Cohen Zedek Latzer Baratz LLP
								1500 Broadway, 12th Floor
								New York, NY 10036
								Tel: (646)878-0800
								Fax: (646)878-0801

								*Attorneys for Plaintiff-Counterclaim Defendant*
								*On Track Innovations, Ltd.*

**CERTIFICATE OF SERVICE**

I certify that on December 4, 2013, I served the foregoing ON TRACK INNOVATIONS LTD.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT on counsel for Defendant-Counterclaim Plaintiff T-Mobile USA, Inc. by sending a copy via Court's ECF Notification System to counsel of record addressed as follows:

John C. Hueston
Douglas J. Dixon
IRELL & MANELLA LLP
840 Newport Center Dr., Ste. 400
Newport Beach, CA 92660
Phone: (969) 760-0991
Fax: (949) 760-5200
jhueston@irell.com
ddixon@irell.com

Ellisen S. Turner
Ben Haber
IRELL & MANELLA LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067
Phone: (310) 277-1010
Fax: (310) 203-7199
eturner@irell.com
bhaber@irell.com

Eric J. Lobenfeld
Ira J. Schaefer
Robert R. L. Kohse
HOGAN LOVELLS LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3000
Fax: (212) 918-3100
eric.lobenfeld@hoganlovells.com
ira.schaefer@hoganlovells.com
robert.kohse@hoganlovells.com

    /s/ Jessica W. Lin
Jessica W. Lin