```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ON TRACK INNOVATIONS LTD.,           :   12 Civ. 2224 (AJN) (JCF)
                                     :
            Plaintiff,               :       MEMORANDUM
                                     :       AND   ORDER
                                     :
    - against -                      :
                                     :
T-MOBILE USA, INC.,                  :
                                     :
            Defendant.               :
- - - - - - - - - - - - - - - - - - -:
T-MOBILE USA, INC.,                  :
                                     :
            Counter Claimant,        :
                                     :
    - against -                      :
                                     :
ON TRACK INNOVATIONS LTD.,           :
                                     :
            Counter Defendant.       :
- - - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the plaintiff in this patent infringement action, On-Track Innovations ("OTI"), seeks leave to amend its complaint to include claims of active inducement of patent infringement under 35 U.S.C. § 271(b). (On Track Innovations Ltd.'s Memorandum in Support of its Motion for Leave to File Amended Complaint ("Pl. Memo.")). The defendant, T-Mobile USA, Inc. ("T-Mobile"), opposes the motion, arguing that it is untimely, prejudicial, made in bad faith, and ultimately futile. (T-Mobile's Opposition to OTI's Motion for Leave to File Amended Complaint ("Def. Memo.")). For

the following reasons, the motion is granted.

Background

This action arises from a patent dispute involving new cellular telephone technology "employing both contact and contactless modes of communication, such as so-called 'hybrid' smart cards." (Memorandum and Order dated June 20, 2013 at 3). Certain cell phones are equipped with a feature -- Near Field Communications ("NFC") -- enabling them to establish peer-to-peer radio communications with nearby devices. NFC-capable phones can communicate with other electronic devices in their proximity without needing physical contact; for instance, the user of an NFC-capable cell phone can turn on his nearby stereo through his cell phone. OTI is the owner of U.S. Patent No. 6,045,043 ("the '043 Patent"), which "deals with connecting a microprocessor with both the contact and contactless modes of communication through separate, dedicated lines of connection," obviating the need for a switching device between the two. (Order at 3).

The plaintiff filed its original complaint on March 26, 2012, claiming that T-Mobile's NFC-capable devices directly infringe its patent. In October 2012, T-Mobile did a pilot launch of the ISIS Mobile Wallet, a method of contactless payment using NFC-capable phones in conjunction with enhanced SIM cards, in two major U.S. cities. (Def. Memo. at 4; Declaration of Ellisen S. Turner dated

Dec. 23, 2013, Exh. C). The national launch of T-Mobile's NFC program occurred in November 2013. (Pl. Memo. at 1-3; ISIS Mobile Wallet FAQ, attached as Exh. B to Amended Complaint, at 29). T-Mobile subscribers were informed, through T-Mobile's website, that they could visit T-Mobile stores to receive Advanced SIM cards for use in their NFC-capable cellular phones. (Pl. Memo. at 1-3; ISIS Mobile Wallet FAQ at 29). OTI now seeks to amend its complaint to allege that, by inviting its customers to obtain an Advanced SIM card for insertion into an NFC-capable cell phone, T-Mobile was "actively inducing infringement of the patent." (Pl. Memo. at 1).

Discussion

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603-04 (2d Cir. 2005); Carrion v. Singh, No. 12 CV 0360, 2013 WL 639040, at *11 (E.D.N.Y. Feb. 21, 2013). Under this liberal standard, motions to amend should be denied only for reasons of undue delay, bad faith or dilatory motive, undue prejudice to the non-moving party, or futility. See Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman, 371 U.S. at 182); McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); In re Alcon Shareholder

Litigation, 719 F. Supp. 2d 280, 281-82 (S.D.N.Y. 2010). The same standard applies when the party seeks to supplement the complaint with events that happened after the date of the original pleading. See Fed. R. Civ. P. 15(d); In re American International Group, Inc. Securities Litigation, No. 04 Civ. 8141, 2008 WL 2795141, at *3 (S.D.N.Y. July 18, 2008) (noting that pleading is technically "supplemental pleading" but that the standard of Rule 15(a) governs). The court has broad discretion over such motions. See McCarthy, 482 F.3d at 200; Biosafe-One, Inc. v. Hawks, 639 F. Supp. 2d 358, 370 (S.D.N.Y. 2009).

Generally, "[w]hen deciding issues in a patent case, a district court applies the law of the circuit in which it sits to nonpatent issues and the law of the Federal Circuit to issues of substantive patent law." Paone v. Microsoft Corp., 881 F. Supp. 2d 386, 393-94 (E.D.N.Y. 2012) (internal quotation marks omitted); see also In re Bill of Lading Transmission and Processing System Patent Litigation, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (applicable law of regional circuit is applied to motions to dismiss for failure to state a claim in patent cases).

   A.   Delay

In the Second Circuit, a court may deny a motion to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the

4

amendment would prejudice other parties." Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000) (internal quotation marks omitted); accord State Farm Mutual Automobile Insurance Co. v. Grafman, No. 04 CV 2609, 2007 WL 7704666, at *3 (E.D.N.Y. May 22, 2007). However, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation marks omitted); see also Rotter v. Leahy, 93 F. Supp. 2d 487, 497 (S.D.N.Y. 2000) ("Typically, the moving party's delay, standing alone, is not sufficient reason to foreclose amendment.").

The plaintiff seeks to add a new claim twenty months after the filing of its original complaint. However, this new allegation centers on T-Mobile's November 2013 national launch of its NFC program, rather than on activities taking place at the time the action was commenced. T-Mobile argues that OTI was aware of similar activities -- namely, its October 2012 pilot launch of the NFC program -- at least one year earlier, and that this constitutes undue delay. (Def. Memo. at 3-5). However, as far as OTI knew at the time of the pilot launch, the only suggestions that customers insert Advanced SIM cards into NFC-capable phones came from an independent blogger and an ISIS press release, not from T-Mobile, and thus OTI did not then possess facts that could have supported

5

an induced infringement claim against T-Mobile. According to OTI, the national launch was the first time that T-Mobile itself invited subscribers to obtain new Advanced SIM cards for their NFC cellular phones. (On Track Innovations LTD.'s Reply in Support of its Motion for Leave to File Amended Complaint ("Pl. Reply") at 3). Under these circumstances, there is no undue delay. See TNS Media Research, LLC v. TRA Global, Inc., No. 11 Civ. 4039, 2012 WL 2052679, at *1 (S.D.N.Y. June 4, 2012) (allowing party to add counterclaim defendants where earlier suspicions were subsequently borne out through discovery); Optigen, LLC v. International Genetics, Inc., 777 F. Supp. 2d 390, 400 (N.D.N.Y. 2011) (allowing amendment where "the new allegations, including those giving rise to the newly asserted cause of action, were facts of which Plaintiff did not become aware until some point during discovery"). Indeed, even if OTI had not offered a satisfactory explanation for the one-year delay after the October 2012 pilot launch, courts have allowed amendment after much longer periods of delay. See, e.g., Commander Oil Corp. v. Barlo Equipment Corp., 215 F.3d 321, 333 (2d Cir. 2000) (no abuse of discretion in grant of leave to amend after seven year delay, in absence of prejudice); Rachman Bag Co. v. Liberty Mutual Insurance Co., 46 F.3d 230, 235 (2d Cir. 1995) (leave to amend properly granted after four-year delay); Block, 988 F.2d at 350-51 (amendment allowed four years after complaint

filed).

   B.  Prejudice

   "[P]rejudice alone is insufficient to justify a denial of leave to amend; rather the necessary showing is 'undue prejudice to the opposing party.'" A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (emphasis in original) (quoting Foman, 371 U.S. at 182).  In deciding whether undue prejudice exists, courts should consider whether the new claim would "'(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'"  Monahan v. New York City Department of Corrections, 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block, 988 F.2d at 350); Zoll v. Jordache Enterprises Inc., No. 01 Civ. 1339, 2002 WL 485733, at *1 (S.D.N.Y. March 29, 2002).  This "inquiry involves a balancing process," weighing any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied.  Oneida Indian Nation of New York v. County of Oneida, 199 F.R.D. 61, 77 (N.D.N.Y. 2000).

   T-Mobile claims that introducing a theory of induced infringement after fact discovery has closed prevents them from

obtaining relevant evidence for their defense.  T-Mobile contends that without previous notice of induced infringement claims, it had no reason to seek an opinion of counsel letter, which the Federal Circuit recognizes as probative of lack of intent.  See Bettcher Industries, Inc. v. Bunzl USA, Inc., 661 F.3d 629, 649 (Fed. Cir. 2011) (finding opinion of counsel regarding non-infringement "admissible, at least with respect to [defendant]'s state of mind and its bearing on indirect infringement").  Because expert discovery has not yet closed, there is no reason that this evidence cannot now be obtained.

T-Mobile's prejudice argument goes one step further, and argues that any opinion it obtains now will, at trial, be argued to be untimely.  (Def. Memo. at 8).  However, while OTI is free to argue that an opinion of counsel letter obtained after the allegedly infringing acts is immaterial to T-Mobile's intent at the time, it is statutorily barred from arguing that any failure to obtain the advice of counsel with respect to the '043 Patent is probative of T-Mobile's intent to induce infringement.  35 U.S.C. § 298 ("The failure of an infringer to obtain the advice of counsel with respect to any allegedly infringed patent, or the failure of the infringer to present such advice to the court or jury, may not be used to prove that the accused infringer willfully infringed the patent or that the infringer intended to induce infringement of the

patent.").

T-Mobile has not identified any way in which the amendment would require significant additional discovery. To be sure, a claim of induced infringement requires proving elements of knowledge and specific intent that are not required in a direct infringement claim, and T-Mobile complains that it has not had the opportunity to elicit any evidence of intent.[1]  However, the defendant "should have accessible to it the evidence bearing on its own state of mind." Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 461 (S.D.N.Y. 2012).  As the proposed amendment is not likely to "require [T-Mobile] to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute," there is no undue prejudice.  See Block, 988 F.2d at 350.

Similarly, there is no undue prejudice in the revised list of accused products in OTI's proposed amended complaint.  Although T-Mobile states that three new accused devices are included for the first time (Def. Memo. at 14), OTI explains that this is due to the industry's regular updating of cell phone models, and the

---

[1] T-Mobile's contention that it needs fact discovery from the suppliers that designed the accused products "to confirm that they were not aware of the patent [and] did not intend their products to infringe" is baseless.  (Def. Memo. at 14).  At issue are T-Mobile's intent and actions, not the suppliers'.

underlying technical basis for claiming infringement remains the same (Pl. Reply at 8).

    C.    <u>Futility</u>

Leave to amend may also be denied when the pleading would not survive a motion to dismiss. <u>See</u> <u>AEP Energy Services Gas Holding Co. v. Bank of America, N.A.</u>, 626 F.3d 699, 726 (2d Cir. 2010); <u>Penn Group, LLC v. Slater</u>, No. 07 Civ. 729, 2007 WL 2020099, at *4 (S.D.N.Y. June 13, 2007) (collecting cases). A court may deny a motion to amend for futility only where no colorable grounds exist to support a claim or defense. <u>See</u> <u>Slay v. Target Corp.</u>, No. 11 Civ. 2704, 2011 WL 3278918, at *2 (S.D.N.Y. July 20, 2011) ("Futility generally turns on whether the proposed amended pleading states a viable claim."); <u>Estate of Ratcliffe v. Pradera Realty Co.</u>, No. 05 Civ. 10272, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007). As when deciding a motion to dismiss, all reasonable inferences must be drawn in favor of the plaintiff. <u>See, e.g.</u>, <u>Henneberry v. Sumitomo Corp. of America</u>, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006) ("[T]he Court will review the amended complaint through the prism of a Rule 12(b)(6) analysis and, consequently, accept as true all of the proposed complaint's factual allegations, and draw all reasonable inferences in favor of plaintiff."). The opposing party bears the burden of establishing that an amendment would be futile. <u>See</u> <u>Amaya v. Roadhouse Brick Oven Pizza, Inc.</u>,

10

285 F.R.D. 251, 253 (E.D.N.Y. 2012).

To state a claim for induced infringement under § 271(b), "the patentee must establish first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." ACCO Brands, Inc. v. ABA Locks Manufacturer Co., 501 F.3d 1307, 1312 (Fed. Cir. 2007) (internal quotation marks omitted); MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1378 (Fed. Cir. 2005); Pecorino v. Vutec Corp., 934 F. Supp. 2d 422, 447 (E.D.N.Y. 2012). Induced infringement thus requires both "knowledge that the induced acts constitute patent infringement," Global-Tech Appliances, Inc. v. SEB S.A., __ U.S. __, __, 131 S. Ct. 2060, 2068 (2011), as well as active steps "directed to encouraging another's infringement," DSU Medical Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006). In short, "the inducer must have an affirmative intent to cause direct infringement." Id. The knowledge requirement may be satisfied by showing actual knowledge or willful blindness. Global-Tech Appliances, __ U.S. at __, 131 S. Ct. at 2072.

Notably, "advertising materials, and particularly instructions, can sufficiently allege specific intent to induce infringement." Smartwater, Ltd. v. Applied DNA Sciences, Inc., No.

11

12 CV 5731, 2013 WL 5440599, at *9 (E.D.N.Y. Sept. 27, 2013); see also Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1364 n.4 (Fed. Cir. 2006) (upholding finding of inducement where defendant "provided [an] instruction sheet to customers directing them to perform specific acts leading to the assembly of infringing devices, from which the district court could draw an inference of intent").

Here, OTI asserts that T-Mobile had knowledge of the '043 Patent, knew that combining an Advanced SIM card with an NFC-capable cell phone constituted direct infringement of that patent, and subsequently instructed its subscribers to visit T-Mobile stores to receive an Advanced SIM card to insert into their NFC-capable cell phones, with the specific intent to induce infringement. (Pl. Memo. at 2-3; Pl. Reply at 11-12). OTI supports these factual allegations by attaching information from T-Mobile's website instructing subscribers to visit a T-Mobile store for an Advanced SIM card to use in NFC-capable cell phones. (ISIS Mobile Wallet FAQ). Drawing all inferences in OTI's favor, this supports a plausible claim of active inducement. As recently emphasized by the Federal Circuit, a plaintiff is not required to prove its case at the pleading stage. See In re Bill of Lading, 681 F.3d at 1339. At this stage, it is plausibility and not probability that governs pleadings. See id. at 1331 (citing

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

### C. Bad Faith

To the extent that T-Mobile raises a bad faith objection to OTI's motion, that assertion also fails. T-Mobile claims that, in what it deems an improper "quid pro quo," OTI refused to consent to T-Mobile's request to amend its answer unless T-Mobile allowed OTI to amend its complaint. (Def. Memo. at 5-6). This is now moot, as OTI has agreed to allow T-Mobile to amend its answer. (Pl. Reply at 9). Moreover, while there is little law in the Second Circuit on what constitutes bad faith in the context of a motion for leave to amend a pleading, see Oneida Indian Nation, 199 F.R.D. at 80, the precedent that exists indicates that the amendment itself must embody unfair strategic maneuvering, see, e.g., State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409, 417–18 (2d Cir. 1990) (denying motion to amend where plaintiff sought strategic advantage by reserving certain claims until after court's choice of law determination).

### Conclusion

For the foregoing reasons, On Track Innovations' motion for leave to file an amended complaint (Docket no. 95) is granted.

13

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       January 31, 2014

Copies mailed this date:

Clyde A. Schuman, Esq.
Guy Yonay, Esq.
Jessica W. Lin, Esq.
Pearl Cohen Zedek Latzer LLP
1500 Broadway, 12th Floor
New York, NY 10036

Eric J. Lobenfeld, Esq.
Ira J. Schaefer, Esq.
Robert R. L. Kohse, Esq.
Hogan Lovells US LLP
875 Third Ave.
New York, NY 10022

John C. Hueston, Esq.
Douglas J. Dixon, Esq.
Irell & Manella, LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660

Ellisen S. Turner, Esq.
Benjamin M. Haber, Esq.
Irell & Manella, LLP
18900 Avenue of the Stars
Suite 900
Los Angeles, CA 90067